**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **DONALD FULLER,** | § | |
| **TDCJ-CID NO. 1500889,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-11-038** |
| | § | |
| **RICK THALER,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Donald Fuller, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a civil rights complaint claiming that TDCJ-CID officials violated his constitutional rights by confiscating his legal materials. Fuller names the following individuals as defendants: TDCJ-CID Director Rick Thaler, Property Officer Diana Ordonez, Lieutenant Kenneth Rodriguez, Captain/Major Jackson, and Assistant Warden Diana Clay. After reviewing the pleadings, including the *Spears*[1] transcript, the court has concluded that Fuller has failed to assert a claim upon which relief may be granted and will dismiss this action as legally frivolous. 28 U.S.C. § 1915(e).

I. <u>Claims and Allegations</u>

Fuller complains that he was denied access to the courts when his legal materials were confiscated without giving him adequate notice. He states that Officer Ordonez took them during the yearly shake down at the Stevenson Unit on August 26, 2010. He alleges that Ordonez ordered

---

[1] On November 15, 2011, a hearing was conducted at the TDCJ-CID Darrington Unit where Fuller was questioned in person about the allegations in his complaint. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Fuller to dispose of some of his legal work because it exceeded the TDCJ-CID policy which prohibits each inmate from possessing more than 2 cubic foot volume of legal paperwork. Fuller contends that he was entitled to extra storage because he had a state issued yellow bag. When Fuller refused to dispose of any of his legal materials, Ordonez ordered him to be placed in administrative segregation and then seized the materials for approximately fifteen days.

In the meantime, Fuller had a telephonic child custody hearing scheduled for August 30, 2010. He contends that TDCJ-CID had a fifteen day notice about the hearing and that he filed grievances notifying the authorities of his need for his legal documents. Fuller alleges that Officer Ordonez returned only part of his legal materials to him five minutes before the hearing commenced and that none of the papers pertained to the child custody case. Fuller argues that he lost the case because he did not have the missing materials at the time of the hearing. During the *Spears* hearing, Fuller acknowledged that he was represented by an attorney at the termination proceeding. He also did not deny that he was serving a 47 year sentence for aggravated sexual assault of a child along with four counts of indecency with a child. Moreover, Fuller would not be eligible for parole until 2031.

Fuller filed grievances about the confiscation of his legal materials. In response, TDCJ-CID administrative official Cheryl Lawson noted that he exceeded the space limit. Moreover, Fuller's criminal appeal was no longer active, and there was no need for materials regarding the direct appeal of his criminal convictions. Lawson did acknowledge that civil cause number 2005-CI-19642 was still active; however, Fuller had only five inches of material associated with that case, and Fuller did not allege that the absence of the materials affected any habeas challenge or direct appeal.

Fuller contends that Lieutenant Rodriguez, Captain Jackson, and Warden Clay are culpable

-2-

because they failed to properly investigate the alleged civil rights violations after Fuller complained about them.  Instead, Captain Jackson concealed the violations and did not discipline Ordonez. Fuller also contends that Captain Jackson, along with Warden Clay, is liable for failing to train and supervise Ordonez.  Instead, they did nothing to prevent Ordonez from violating Fuller's rights. Fuller seeks $ 15,000.00 from each defendant for the injuries he suffered.

## II. <u>Analysis</u>

Fuller's complaint concerns his right of access to the courts as guaranteed by the Constitution.  *See Terry v. Hubert*, 609 F.3d 757, 761 -762 (5th Cir. 2010).  Generally, this right applies to inmates seeking to challenge the validity of their incarceration or the conditions of their confinement.  *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996).  This right has not been extended to family law cases in recent years. *See Loden v. Hayes*, 208 Fed.Appx. 356, 359, 2006 WL 3539160, *2 (5th Cir. 2006) ("Loden had no constitutional right to legal material to help with his divorce proceedings...); *Glover v. Johnson*, 75 F.3d 264 (6th Cir. 1996) (no requirement to provide female inmates with legal assistance in parental rights matters); *Davis v. Sheriff, Montgomery County*, No. 95-20418 (5th Cir. Aug. 1 1995) ("The right of access to the courts does not apply to divorce proceedings"); *but see also Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986), *citing Corpus v. Estelle*, 551 F.2d 68, 70 (5th Cir.1977) (access must be provided even in divorce and small claims).  In any case, this right does not extend to an inmate who cannot assert that he was prevented from presenting an argument, defense or issue which had any legal basis. *Lewis v. Casey*, 116 S.Ct. 2174, 2182-83 (1996); *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009), *citing Christopher v. Harbury,* 122 S.Ct. 2179 (2002) .

Moreover, Fuller had an attorney during the termination proceedings.  An inmate's right of access to the courts is observed if he has access to legal materials or if he has access to legal counsel. *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977).  It is not necessary that Fuller had his legal papers before the hearing if he was represented by an attorney at the hearing.  *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007), *citing Bounds.  See also Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985) ("access to paralegals and writ writers may bear a rough inverse relationship to the library materials required"), *citing Bounds.*  Fuller has not explained how his possession of his legal materials would have assisted his attorney in representing him at the hearing.

It is undisputed that Fuller is serving a 47 year sentence for aggravated sexual assault of a child along with multiple sentences for indecency with a child.[2]  Apart from the obviously nefarious nature of his acts against children, Texas statutory law authorizes termination of parental rights whenever the parent has a felony conviction for indecency with a child or aggravated sexual assault. *See In re K.M.M.*, 993 S.W.2d 225, 228 (Tex.App.–Eastland, 1999), *citing* TEX. FAM. CODE § 161.001(1) (Vernon 1999).  While the Texas courts would not find that Fuller's imprisonment alone to be conduct that endangers the physical or emotional well being of a child, evidence of his imprisonment would signify that he has engaged in a course of conduct that would be such an endangerment.  *Id.*

Fuller's complaint concerns the temporary loss of his legal papers due to the excessive amount of storage space he required in the prison.  The TDCJ-CID officials gave Fuller notice that he needed to dispose of his excess papers since he had accumulated more than two cubic feet of

---

[2] It should be noted that with a parole date of 2031, Fuller would not have any real possibility of access to his child(ren) for at least 19 years or well beyond any existing child's age of majority.

-4-

documents.  A prisoner does not have a constitutional right to store whatever items he desires, and the prison administration may place limits on the amount of property that may be possessed by a prisoner. *Duplantis v. Carmona,* 85 Fed.Appx. 397 (5th Cir., Jan.16, 2004) (not selected for publication in the Federal Reporter); *Simmonds v. Cockrell*, 81 Fed. Appx. 488, 2003 WL 22770177 (5th Cir. Nov 24, 2003) (not selected for publication in the Federal Reporter).

Fuller does not present a valid reason for his failure to take affirmative steps in response to the notice that he exceeded his space limit.  Nor does he explain how the papers would have helped him at the hearing.  Consequently, he is not entitled to relief because he does not show that the confiscation  prevented him from presenting an issue in his pending parental rights action or in any other suit and no real prejudice resulted from the alleged deprivation. *Brewster*, 587 F.3d at 769; *Ruiz v. United States*., 160 F.3d 273, 275 (5th Cir. 1998).

Fuller has filed this action as a prisoner and a pauper.  The court is authorized to dismiss such actions if they are frivolous.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or fact. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

Fuller has filed a Motion for Discovery (Docket Entry No. 13) which the court shall deny because his claims are frivolous and production of the requested documents would serve no other purpose other than to harass the defendants who are entitled to qualified immunity. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

### III. Conclusion

The court **ORDERS** the following:

1.    This cause of action, filed by Inmate Donald Fuller, TDCJ-CID # 1500889, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

2.    The Motion for Discovery (Docket Entry No. 13) is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas  78711, Fax Number (512) 936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 8th  day of February, 2012.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

-6-